IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | Criminal No. 1:16cr75-HSO-JCG-2 |
| | § | |
| | § | |
| | § | |
| DUSTIN POWELL | § | |

## ORDER DENYING WITHOUT PREJUDICE DEFENDANT DUSTIN POWELL'S MOTION [41] FOR COMPASSIONATE RELEASE

**BEFORE THE COURT** is Defendant Dustin Powell's Motion [41] for

Compassionate Release.  For the reasons that follow, the Motion [41] should be

denied without prejudice.

## I.  BACKGROUND

Pursuant to a Plea Agreement with the Government, on October 24, 2016,

Defendant Dustin Powell ("Defendant" or "Powell") pleaded guilty to Count 1 of the

Information in this case, which charged that Powell and his codefendant

> aided and abetted by each other and others known and unknown, did knowingly and intentionally conspire to possess with intent to distribute actual methamphetamine, a Schedule II narcotic drug controlled substance as prohibited by Section 841(a)(1), Title 21, United States Code.

> All in violation of Section 846, Title 21, United States Code.

Information [1] at 1.

On March 10, 2017, the Court sentenced Powell to a 100-month term of

imprisonment followed by 3 years of supervised release.  Min. Entry, March 10,

2017.  Powell is presently incarcerated at Federal Correctional Institution,

Marianna ("FCI Marianna") in Marianna, Florida, and his anticipated release date

is May 23, 2024.  *See* Mot. [41] at 4; Reply [51] at 2.  Powell filed the present Motion

[41] for Compassionate Release on May 11, 2020, asking that the Court reduce his

sentence to time served followed by supervision with home confinement as a

condition of release.  Mot. [41] at 1; Reply [51] at 22.

The Government opposes Powell's Motion, arguing that it should be denied

without prejudice because Powell has not yet exhausted administrative remedies.

*See* Resp. [47] at 7-14 (citing 18 U.S.C. § 3582(c)(1)(A)).  Alternatively, if the Court

reaches the merits of the Motion, the Government asserts that Powell has not

shown either of the two factors which are required to entitle him to compassionate

release.  *See id.* at 14-17.

Powell has filed a Reply [51] arguing that exhaustion of administrative

remedies is non-jurisdictional under § 3582(c)(1)(A)(i) and that any failure to

exhaust should be excused in light of the COVID-19 pandemic, or that an equitable

exception should otherwise apply.  *See* Reply [51] at 3-11.  He also argues that §

3582(c)(1)(A)(i) permits an incarcerated person to either fully exhaust the Bureau of

Prisons' ("BOP") administrative process or wait until 30 days after the warden has

received the request for compassionate release before pursuing relief in federal

court.  Powell asserts that on April 15, 2020, he sent an email to the Warden of FCI

Marianna requesting time served or home confinement.  Def. Ex. D, April 15, 2020

Letter to Warden [51-4].  On May 20, 2020, a correctional counselor instructed him

2

to submit an Inmate Request to Staff to the Warden.  Def. Ex. E, Informal Resolution Attempt [51-5] at 1.  Powell submitted an Attempt at Informal Resolution and resubmitted his initial email on this same day, *id.* at 1-2, and then submitted an Inmate Request to Staff on June 6, 2020, Def. Ex. F, Resp. [51-6] at 2.  On June 16, 2020, Powell received a response from the Warden advising him that he did not qualify for home confinement under the CARES Act.  *Id.* at 1.  Powell filed a BP-9 form on July 6, 2020.  Thus, he claims he has diligently pursued his rights.  Reply [51] at 10.

Powell claims that "extraordinary and compelling reasons" exist warranting a reduction in his sentence.  *Id.* at 11-20.  Specifically, Powell is prediabetic, suffers from high cholesterol, has a history of smoking, and his minor child's mother died in November 2019, leaving her without a caregiver.  *Id.* at 12.  His mother suffers from pancreatitis and COPD and requires a caregiver during the COVID-19 pandemic. *Id.* at 13-14.  Powell also alleges that the BOP has failed to control COVID-19 outbreaks and that the disease itself constitutes "extraordinary and compelling reasons."  *Id.* at 15-20.  Finally, Powell asserts that he is not a risk to the safety of others or the community and that the § 3553(a) factors counsel in favor of reducing his sentence.  *Id.* at 20-22.

## II.  DISCUSSION

18 U.S.C. § 3582(b) provides that a judgment of conviction constitutes a final judgment which can be modified only under limited circumstances set forth at 18

3

U.S.C. § 3582(c).  At issue in this case is a requested modification under §

3582(c)(1)(A)(i), which states that:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1)      in any case—
>      (A)      the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant *after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>           (i)      extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

Some courts have interpreted the phrase "lapse of 30 days from the receipt of

such a request by the warden" to mean, as Powell argues, that the exhaustion

requirement is satisfied when 30 days have passed from the date the warden

receives a request from a defendant that the BOP file a compassionate release

motion on the defendant's behalf, even where the BOP has responded to or taken

action on the request.  *United States v. Charlie Lee Martin*, No. 3:16-cr-70-DPJ-

LRA, 2020 WL 3065302, at *2 (S.D. Miss. June 9, 2020) (quoting *United States v.

Ng Lap Seng*, No. 15-CR-706-VSB, 2020 WL 2301202, at *5 (S.D.N.Y. May 8, 2020)).

Other courts have interpreted this language to mean that exhaustion is only

satisfied when 30 days have passed from the date the warden receives the request

*and* BOP has not taken any action on it. *Id.* (quoting *Ng Lap Seng*, 2020 WL 2301202, at *6).

The rationale behind the latter view is essentially that the former interpretation "would substantially undermine one of the goals of the exhaustion requirement—protecting agency authority, expertise, and the opportunity to correct mistakes—'as it [would] allow[ ] a defendant to come to court before the agency has rendered a final decision' and foreclose higher-level BOP review of a request." *Id.* (quoting *Ng Lap Seng*, 2020 WL 2301202, at *6). There is also a risk that the former interpretation would "render the statute's provision regarding full exhaustion of administrative remedies meaningless, as defendants like [Powell] would forego appealing a warden's denial of their compassionate release request if the 30-day period was nearing an end." *Id.* (quoting *Ng Lap Seng*, 2020 WL 2301202, at *6).

The Court agrees with those courts interpreting the "lapse of 30 days" language as applying only where the BOP has failed to respond to a compassionate release request within 30 days of its submission. If an inmate's request is denied before the lapse of 30 days, then he must fully exhaust administrative remedies before the Court may consider a motion to modify his sentence under the statute. *See United States v. Allen*, No. 1:15CR36-HSO-RHW-1, 2020 WL 3159180 (S.D. Miss. June 12, 2020); *United States v. Martin*, 3:16-cr-79-DPJ-LRA, 2020 WL 3065302, at *3 (S.D. Miss. June 9, 2020). Because Powell has applied to BOP for relief, and BOP has formally responded to Defendant's request (and denied it), *see*

5

Def. Ex. F, Resp. [56-1] at 1, Powell must fully exhaust his remedies under the first

exhaustion method set forth in the statute.

Powell is thus subject to the four-step BOP grievance process as described in

28 C.F.R. §§ 542.13 through 542.15.  *Petzold v. Rostollan*, 946 F.3d 242, 254 (5th

Cir. 2019); *see also* 28 C.F.R. § 542.10 (explaining that the Administrative Remedy

Program outlined in 28 C.F.R. §§ 542.10 through 542.19 applies to all people

incarcerated in institutions operated by BOP).  In order to "fully exhaust all

administrative remedies," the regulations provide as follows:

> An inmate who is not satisfied with the Warden's response may submit
> an Appeal on the appropriate form (BP–10) to the appropriate Regional
> Director within 20 calendar days of the date the Warden signed the
> response.  An inmate who is not satisfied with the Regional Director's
> response may submit an Appeal on the appropriate form (BP–11) to the
> General Counsel within 30 calendar days of the date the Regional
> Director signed the response . . . Appeal to the General Counsel is the
> final administrative appeal.

28 C.F.R. § 542.15(a).

The timing requirements for the BOP grievance process are described in 28 C.F.R. §

542.18.  *Spurlock v. Jones*, 709 F. App'x 293, 294 (5th Cir. 2018).  Under 28 C.F.R. §

542.18, a response is required by the Warden within 20 calendar days of an

inmate's filing of the initial request; by the Regional Director within 30 calendar

days of an inmate's filing of a BP-10; and by the General Counsel within 40

calendar days of an inmate's filing of a BP-11.  28 C.F.R. § 542.18.

The record reflects that Powell's initial request to the Warden of FCI

Marianna was denied on June 16, 2020.  Def. Ex. F, Resp. [51-6] at 1.  Although

Powell claims that he filed an appeal of the Warden's response within 30 calendar

6

days of receiving this denial, he has not submitted any evidence showing that the

Regional Director has responded to his appeal.  Even if the Regional Director had

responded, in order to fully exhaust his remedies Powell would need to file an

appeal to the General Counsel within 30 calendar days of any denial by the

Regional Director, and then await the General Counsel's response.  *See* 28 C.F.R. §

542.18.  There is no evidence that Powell has appealed the Warden's denial,

received a response from the Regional Director, appealed any such response to the

General Counsel, or that the General Counsel has responded.  It is clear from the

record that Powell has not submitted sufficient evidence to demonstrate that he has

taken all of the required steps to fully exhaust his administrative remedies.

18 U.S.C. § 3582(c)(1)(A)(i) specifically mandates exhaustion and does not

provide any exceptions to the exhaustion requirement.  The statute states that "the

court may not" modify Powell's sentence until he fully exhausts his administrative

remedies, and nothing in the text of § 3582(c) confers upon the Court the authority

to waive that requirement.  18 U.S.C. § 3582(c).

District courts in this circuit are split on whether these procedural

requirements are jurisdictional and thus not amenable to waiver or other

exceptions.  *See, e.g., United States v. Echols*, No. 3:15-CR-125-1, 2020 WL 2309255,

at *2 (N.D. Miss. May 8, 2020) (comparing cases).  However, the Fifth Circuit has

recognized that a "district court's jurisdiction to correct or modify a defendant's

sentence is limited to those specific circumstances enumerated by Congress in 18

U.S.C. § 3582." *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010).[1]  As

another judge of this Court has recently recognized, whether the exhaustion

requirement of § 3582(c)(1)(A)(i) is jurisdictional "is debatable but irrelevant in the

present case because the Government has not waived exhaustion." *United States v.*

*Gates*, No. 3:17-CR-150-DPJ-FKB, 2020 U.S. Dist. LEXIS 88756, at *6 n.3 (S.D.

Miss. May 20, 2020).

The Government seeks denial of Powell's Motion for his failure to exhaust

under § 3582(c)(1)(A)(i).  Even if the exhaustion requirement of § 3582(c)(1)(A)(i) is

not jurisdictional, waiver is inapplicable here because the Government has invoked

the requirement, and the Court is not otherwise persuaded that it should consider

Powell's Motion prior to his completion of the mandatory, statutory exhaustion

requirement.  Because the Court cannot and will not consider Powell's request to

reduce his sentence until he has complied with the exhaustion requirements of §

3582(c)(1)(A), the Court must deny the instant Motion without prejudice for failure

to comply with the mandatory exhaustion requirements.

---

[1] *See also Valentine v. Collier*, 956 F.3d 797, 807 n.3 (5th Cir. 2020) (C.J. Higginson, concurring) (noting that unlike the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA"), § 3582(c)(1)(A) does not limit the exhaustion requirement to "available" remedies, and further noting that the "availability" caveat in the PLRA is that statute's "built-in exception to the exhaustion requirement") (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1855 (2016)).

III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant

Dustin Powell's Motion [41] for Compassionate Release is **DENIED WITHOUT**

**PREJUDICE** for failure to exhaust administrative remedies.

**SO ORDERED AND ADJUDGED**, this the 22nd day of July, 2020.

_s/ Halil Suleyman Ozerden_
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE